**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| NOSA CONFIDENCE AMAYO, | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *　　　　Civil No. 26-2083-BAH |
| HERITAGE HYUNDAI TOWSON ET AL., | * |
| Defendants. | * |
| | * |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Nosa Confidence Amayo ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted. Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). Here, because it appears the Court lacks subject matter jurisdiction over Plaintiff's claims, the complaint will be dismissed.

Federal courts are courts of limited jurisdiction, and the plaintiff bears the burden of demonstrating that this Court has the authority to hear the case. *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014). The Court must have subject-matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded

complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Plaintiff brings suit against defendants Heritage Hyundai Towson, Exeter Finance, and Hyundai Motor America (collectively, "Defendants"). ECF 1, at 2–3. He alleges that he purchased a "2025 Hyundai Tucson" from Heritage Hyundai Towson on September 10, 2025. *Id.* at 6. Plaintiff claims that by "October 1st 2025 . . . the car had a faulty transmission and the car broke down." *Id.* He also alleges that the automatic brake system malfunctioned. *Id.* The car was then "towed by Hyundai" and Plaintiff "told them outright" that he did not "want the car because of the transmission." *Id.* He also told them he "want[ed] a replacement or refund." *Id.* Plaintiff alleges that Defendants "are about to sell [the car] at the auction" on May 28, 2026, and requests "an injunction to stop them from selling the car at the auction."[1] *Id.* at 6–7.

Plaintiff asserts that the basis for federal court jurisdiction is diversity of citizenship. *Id.* at 4. However, it does not appear that diversity jurisdiction exists. Plaintiff and Defendant Heritage Hyundai Towson are both citizens of Maryland, defeating diversity. *See id.* at 2; *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (noting that diversity of citizenship requires "complete diversity between all plaintiffs and all defendants"). Nor is the amount in controversy met as Plaintiff asserts the amount in controversy is the cost of the vehicle—$47,101.31. *Id.* at 5.

---

[1] Plaintiff did not file a motion for a temporary restraining order or preliminary injunction requesting any immediate relief.

Moreover, Plaintiff has not invoked any federal statutes, constitutional provisions, or other laws that would give rise to this Court's federal jurisdiction.[2] *See id.* at 4 (including "Consumer Protection" as a basis for jurisdiction). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, because Plaintiff has not presented a jurisdictional basis for this suit, and it appears to the Court that it lacks subject matter jurisdiction to hear Plaintiff's claims, the complaint must be dismissed.

Accordingly, it is this 10th day of June, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;

2.  The complaint IS DISMISSED without prejudice for lack of jurisdiction; and

3.  The Clerk SHALL MAIL a copy of this Order to Plaintiff; and

4.  The Clerk is directed to close this case.

_____/s/_____
Brendan A. Hurson
United States District Judge

---

[2] The Court notes that Plaintiff checked off on the civil cover sheet 15 U.S.C. § 1681 (the Fair Credit Reporting Act) or § 1692 (the Fair Debt Collection Practices Act) as potential statutory bases for his claims. However, the complaint fails to allege any facts related to credit or debt collection that would support claims under either of these federal statutes.